UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANJOT SINGH,

Petitioner,

v.

SERGIO ALBARRAN, et. al.,

Respondents.

No. 1:26-cv-00735-TLN-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner claims he was initially detained and released on parole by U.S. Border Patrol on or about June 1, 2024, then placed in immigration proceedings under Immigration and Nationality Act ("INA") § 240. See ECF No. 1, pg. 4. Petitioner asserts he has no criminal history, has fulfilled the conditions of his release, and filed an application for asylum. See id. at 4. According to Petitioner he was denied due process when he was re-detained by the Department of Homeland Security (DHS) on November 16, 2025, without notice, without a pre-deprivation bond hearing, and without DHS assessing whether the Petitioner presented a flight risk or danger to the community. See id. at 5, 13.

/ / /

The District Judge granted the temporary restraining order which ordered Petitioner's immediate release, restrained Respondents from re-arresting Petitioner absent constitutional protections, and ordered Respondents to show cause why the court should not issue a preliminary injunction continuing the same terms as the TRO. See ECF No. 6. On February 20, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 11. The Court ordered:

> Respondents are ENJOINED and RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents are further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker.
>
> ECF No. 11.

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 11, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and

recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE